IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.  06-cv-00810-MJW-BNB

RONNIE R. ROLLAND,

    Plaintiff,

v.

PRIMESOURCE STAFFING, LLC., and
RENEE RAABE,

    Defendants.

---

**ORDER REGARDING PRO SE PLAINTIFF'S MOTION FOR LEAVE TO AMEND
ORIGINAL COMPLAINT
(DOCKET NO. 26)**

---

**Order entered by United States Magistrate Judge Michael J. Watanabe**

    This matter is before the court on the Pro Se Plaintiff's Motion for Leave to Amend Original Complaint (docket no. 26).  The court has reviewed the motion and response (docket no. 28).  The court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

    On July 14, 2006, District Judge Phillip S. Figa entered an Order of Reference Pursuant to 28 U.S.C. § 636 (c).  (Docket no. 22).  Based upon this Order, the Clerk of Court randomly drew Magistrate Judge Michael J. Watanabe as the new trial judge on the merits.  Accordingly, this court is proceeding consistent with 28 U.S.C. § 636 (c).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

2

Pro Se Plaintiff Ronnie R. Rolland requests in the subject motion (docket no. 26) that the court permit him to amend his Complaint by adding a claim for retaliation and a claim for harassment. Both of these claims are brought as Title VII violations. Both of these claims relate to facts occurring on or between January 6, 2006, and January 25, 2006, as reflected in the original Complaint. In addition, the Pro Se Plaintiff requests that this court impose sanctions against Defendants for their alleged failure to comply with Fed. R. Civ. P. 26(a)(1).

Here, the court finds that the Pro Se Plaintiff filed a charge of discrimination with the EEOC on January 30, 2006. On such form, the Pro Se Plaintiff marked "race" only. He did not mark any other category on such form, and he did not state any other Title VII violations on such form. See Exhibit A attached to Defendants' Response (docket no. 28). On February 24, 2006, the EEOC issued its Dismissal and Notice of Rights. See attachment to original Complaint. Moreover, the record shows that Pro Se Plaintiff has not since filed any other charge of discrimination with the EEOC.

The court further finds that based upon the above factual findings, the Pro Se Plaintiff has failed to exhaust the two claims he seeks to add before the EEOC, and therefore, this court does not have jurisdiction over such claims, and thus amendment of his Complaint is not warranted. See Mackenzie v. Denver, 414 F.3d 1266, 1274 & n. 13 (10th Cir. 2005) (Plaintiff must exhaust claims before the EEOC as a prerequisite to federal court jurisdiction over the claims. Because the plaintiff failed to allege a claim in the EEOC claim, she failed to exhaust her administrative remedies as to that claim, and it was dismissed.); Bexley v. Dillon Cos., 2006 WL 650236, *2 (D. Colo. March 13,

2006) (No evidence that plaintiff exhausted a retaliation claim, and thus dismissal of that claim was warranted.).  Refusing leave to amend is justified upon a showing of futility of amendment.  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

Lastly, the Pro Se Plaintiff has failed to establish any factual basis for an award of sanctions against Defendant concerning the Fed. R. Civ. P. 26(a)(1) disclosures.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

1. That Pro Se Plaintiff's Motion for Leave to Amend Original Complaint (docket no. 26) is **DENIED** and that the request for sanctions included in this motion is also **DENIED**.

2. That each party pay their own attorney fees and costs.

Done this 23rd day of August 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge